THOMAS, Justice.
The claimant, Horace Neal, was injured by accident during his employment, 27 May 1961, was furnished medical treatment and was paid compensation for temporary total disability from that date until the matter was heard by the deputy commissioner. On 27 October of the same year he filed a claim containing the statement that in addition to the injury which had been sustained when a fellow workman dropped on his head an eight-inch cement block, claimant by the use of cement in his work had developed dermatitis.
At the conclusion of the hearing the deputy commissioner entered his order reciting that the carrier had supplied medical care and paid compensation for temporary total disability resulting from the head injury, then specifically found that the claimant’s skin condition arose out of and in the course of his employment and that he needed medical treatment for it.
The carrier opposed the allowance for treatment of the dermatitis on the ground that no proper notice of the demand had been given the employer or carrier.
Evidently the sole immediate problem before the deputy commissioner was allowance or disallowance of medical treatment for the cement poisoning claimant had contracted.
The order of the deputy disposing of the matter is not too. clear but we gather from it that he came to the conclusion that five months passed between the time of the accident and presentation of the claim for medication of the skin disease which amounted to such delay that an order granting the relief would work -an injustice to the employer and carrier. So the claim was denied.
When the case went to the Full Commission for review the deputy’s order was set aside and the cause was remanded for further consideration.
From this factual situation emanates the question when notice of an occupational disease must be given, or, more particularly, from what period is the time for giving notice to be computed ? And the latter question may be condensed by posing the one whether the commencement of computation should be the time when the workman becomes incapacitated in the performance of his employment by the condition or v.hen the disease becomes apparent.
The Full Commission reasoned that the period during which notice should be given had to be reckoned from the incapacitation of the claimant. And the reasoning was not without logic.
Attention was drawn to the provisions of Sec. 440.151(1) (a) Florida Statutes, F.S. A., that “disablement * * * of an employee resulting from an occupational disease * * * shall be treated as the happening of an injury by accident * * In paragraph (3) of the same section it is written that “ ‘disablement’ means the event of an employee’s becoming actually incapacitated * * * because of an occupational disease, from performing his work * * In paragraph (7) of the section it is specified that the time for notice of injury “provided in Sec. 440.18 (1)” of Workmen’s Compensation Law shall be extended in case of occupational diseases from 30 to 90 days.
*515 The Full Commission, therefore, con- . sidered that the time for presentation of the claim began when claimant was disabled or actually incapacitated, by the skin disease, that being the equivalent of an injury by accident, and that from that time for a period of 90 days he could serve notice on the employer. By applying this conclusion to the instant controversy, it was determined that the deputy should have fixed the date the claimant became incapacitated which, said the Commission, was obviously not the case 29 May 1961 because he was at work when he was struck by the block of cement. Moreover, the Commission opined that he was not disabled 8 June 1961 when he insisted, the protest of the adjuster to the contrary, that he showed the adjuster the swollen places on his hands. As late as 20 October 1961 he displayed his hands to the adjuster who noted that plainly something was wrong with them, and six days later he was referred by the attending physician to a dermatologist. Upshot of the Commission’s order was that the deputy should establish the moment of incapacity, although the Commission said “it would appear [from the events in the present record] that the claimant [had] filed his claim within the 90 day period as contemplated by the statute.” By the last observation was implied, then, that the claimant became incapacitated sometime after 22 July 1961.
The respondents are content with the Commission’s order. The challenge of the petitioner-employer is introduced by the statement that the claimant first experienced skin eruptions two or three weeks before he was injured May 27 but gave no notice of his contention that his condition was related to his work until nearly five months later.
The petitioners argue with considerable logic that the discovery or appearance of the occupational disease should be the starting point for computation of the period during which notice might be given so that immediate treatment could be secured to delay or forestall incapacity. This construction would seem to redound to the benefit of employee as well as carrier so that the one would be more readily and more speedily cured or relieved while the burden of the other would be correspondingly lessened.
The argument of petitioner is sound but it seems to be one which should be directed to the legislature. If we had a choice we would adopt his view in preference to the one espoused by 'the Full Commission. But our duty is to interpret laws not to enact them and if we were to accept petitioner’s thought, appealing as it is, we feel we would go far afield.
We apprehend that when the deputy commissioner proceeds in accordance with the order of the Full Commission, he will undertake to determine whether or not incapacity from the dermatitis occurred within the period of 22 July to 20 October 1961.
We decline to disturb the order of the Full Commission so the petition for cer-tiorari is discharged.
DREW, C. J., and TERRELL, O’CON-NELL and CALDWELL, JJ., concur.